### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **OHIO MIDLAND, INC., et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:05-cv-1097** |
| | : | |
| **v.** | : | **JUDGE MARBLEY** |
| | : | |
| **GORDON PROCTOR, et al.,** | : | **Magistrate Judge Abel** |
| | : | |
| **Defendants.** | : | |

### ORDER

This matter is before the Court on Plaintiffs' Motion to Substitute Parties (Doc. 182).  On December 23, 2009, this Court ordered Plaintiffs to demolish the Bellaire Bridge ("the Bridge").  Pursuant to that Order, Plaintiffs entered into a contract with Advanced Explosives Demolition, Inc. ("AED").  The agreement involves the transfer of ownership of the Bridge from Plaintiffs to AED so that AED can demolish the Bridge.  Under Federal Rule of Civil Procedure 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  A district court has discretion in deciding whether to allow substitution after a transfer of interest.  *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 154 (6th Cir. 1992).

Because the contract between Plaintiffs and AED contains an explicit agreement that AED will be substituted as a party in this action, the Court will exercise its discretion to allow

substitution under Rule 25(c).  AED will be substituted for Plaintiffs Ohio Midland, Inc. and

Roger Barack.  Plaintiffs' Motion is therefore **GRANTED**.

        **IT IS SO ORDERED.**


                                         s/Algenon L. Marbley
                                       **ALGENON L. MARBLEY**
                                       **UNITED STATES DISTRICT JUDGE**

**DATED: September 8, 2010**