IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **OHIO MIDLAND, INC.**, *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 2:05-cv-1097 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| **GORDON PROCTOR**, *et al.*, : | Magistrate Judge Mark R. Abel |
| : | |
| Defendants. : | |

**ORDER**

This matter is before the Court on the motion of KDC Investments, LLC for Leave of Court to Substitute as a Party or Alternatively to Intervene in the Captioned Case (Doc. 184). On December 23, 2009, this Court ordered Plaintiffs to demolish the Bellaire Bridge ("the Bridge") (Doc. 180). On December 8, 2010, the Court granted the Plaintiffs' Motion to Substitute Advanced Explosives Demolition, Inc. ("AED"), which, the Parties represented to the Court, had assumed ownership of the Bridge (Doc. 183).

KDN now moves for substitution of the parties because AED sold the Bridge to KDN on May 20, 2010, as memorialized in a Purchase Agreement stating that KDC "assume[d] all responsibilities associated with the Bridge, including its proper demolition and removal."[1] The ownership of the Bridge was the subject of litigation in Idaho state court between AED and KDC. On February 8, 2011, the First Judicial District Court in Idaho quieted title to the Bridge in favor of KDC (Doc. 183-4). Under the doctrine of collateral estoppel, AED is now estopped

---

[1]KDN claims it was not served with the prior motion for substitution and therefore had no knowledge that the motion was before the Court.

from claiming in this Court that it, and not KDC, owns the Bridge. *See Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009); *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007).

Under Federal Rule of Civil Procedure 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." A district court has discretion in deciding whether to allow substitution after a transfer of interest. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 154 (6th Cir. 1992). Neither AED nor any other Party to this case has opposed KDC's motion within the twenty-one days allotted for responsive memoranda, and the Court may therefore treat the motion as unopposed. *See* S.D. Ohio Civ. 7.2(a)(2). For that reason, and because KDC is in the best position to carry out the order of demolition, the Court **GRANTS** the motion for substitution.

      **IT IS SO ORDERED.**

      s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 25, 2011**