**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **OHIO MIDLAND, INC., et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:05-cv-1097** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **GORDON PROCTOR, et al.,** | : | **Magistrate Judge Mark R. Abel** |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter is before the Court on Advanced Explosives Demolition, Inc.'s ("AED")

Motion to Reconsider the Court's July 25, 2011 Order Substituting Plaintiffs ("Motion to

Reconsider"). (Doc. 186). On December 23, 2009, this Court ordered Ohio Midland, Inc.

("Ohio Midland") to demolish the Bellaire Bridge ("the Bridge"). Subsequently, Ohio Midland

entered into a contract with AED for the transfer of ownership of the Bridge from Ohio Midland

to AED so that AED could demolish the Bridge. On May 20, 2010, as memorialized in an Asset

Purchase and Liability Assumption Agreement, AED sold the Bridge to KDC Investments, LLC

("KDC"). (Doc. 184-1). KDC "assume[d] all responsibilities associated with the Bridge,

including its proper demolition and removal." *Id.* Consequently, on July 25, 2011, this Court

granted KDC's Motion to Substitute Parties, and KDC replaced AED as the remaining Plaintiff

in this matter ("July Order"). (Doc. 185).

AED now moves for reconsideration, arguing that it was not served with KDC's Motion

to Substitute Parties, and that it retained the right to demolish the Bridge. (Doc. 186). AED also

argues that this Court should reconsider its prior Order because a ruling concerning ownership of

the Bridge is on appeal in the Idaho Supreme Court.  *Id.*  Alternatively, KDC argues that AED's

Motion to Reconsider is untimely, sets forth no evidence, new or otherwise, and that AED's

reasons for reconsideration under Federal Rule of Civil Procedure 59(e) are factually and legally

erroneous.  (Doc. 187).  KDC further contends that AED's appeal of the final judgment of an

Idaho State Court is not grounds to overturn this Court's Order Substituting Parties.  *Id.*  Lastly,

KDC claims that AED was properly served with the Motion to Substitute Parties.  *Id.*

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a

judgment[1]; however, the rule does not afford "defeated litigants a second chance to convince the

court to rule in his or her favor by presenting new explanation, new legal theories, or proof."

*Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003).  A motion for

reconsideration pursuant to Rule 59(e) may be granted for only one of three reasons: "(1) to

correct a clear error of law; (2) to account for newly discovered evidence or an intervening

change in the controlling law; or (3) to otherwise prevent manifest injustice."  *CGH Transp., Inc.*

*v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (citing *GenCorp, Inc. v. Am. Int'l Underwriters*,

---

[1] Federal Rule of Civil Procedure 60(b) also permits a party to file a motion to alter or amend a judgment within a reasonable time to cure specific circumstances such as:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The standard for granting a Rule 60(b) motion is higher than the standard for granting a Rule 59(e) motion.  *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)).  Thus, relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."  *Beamer v. Bd. of Crawford Twp. Trs.*, Case No.: 2:09-cv-213, 2010 U.S. Dist. LEXIS 28400, at *5 (6th Cir. Mar. 24, 2010) (quoting *Higgs v. Transp. Specialist Sanford, et. al.*, CIVIL ACTION NO. 5:07CV-P77-R, 2009 U.S. Dist. LEXIS 51726 (W.D. KY. June 19, 2009) (citations omitted)).  Such circumstances do not exist here.

178 F.3d 804, 834 (6th Cir. 1999)).  A motion for reconsideration is not a vehicle by which a party can present evidence that should have been raised in connection with the earlier motion. *See Beamer v. Bd. of Crawford Twp. Trs.*, Case No.: 2:09-cv-213, 2010 U.S. Dist. LEXIS 28400, at *5 (6th Cir. Mar. 24, 2010).  Notably, any "newly discovered evidence" that the moving party provides must have been "previously unavailable." *Id.* (citing *GenCorp.*, 178 F.3d at 834). Furthermore, under Rule 59(e), parties may not use a motion for reconsideration to "raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

After reviewing the Motion for Reconsideration, the Court finds that AED does not meet any of the stringent requirements for reversal under Rule 59(e).  A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.  *See Beamer*, 2010 U.S. Dist. LEXIS 28400, at *6. With respect to the first factor of Rule 59(e), AED presents no evidence of a clear error of law in this case.  Second, AED provides no "newly discovered evidence" that was unavailable to it prior to this Court's July Order.  KDC's Motion for Substitution was filed on June 27, 2011, (Doc. 184), at which time AED was well aware of the existence of the  Idaho Supreme Court appeal filed on March 20, 2011.  In fact, KDC's Motion for Substitution was uncontested in the twenty-one days allotted for responsive memoranda. (Doc. 185).  Additionally, AED does not provide any evidence of an intervening change in the controlling law in this case.  Finally, there is no reason any manifest injustice would result from the denial of this Motion to Reconsider.  AED no longer owns the Bridge and has been estopped from claiming ownership of the Bridge.  *Id.*  This Court has previously determined KDC in the best position to carry out demolition of the Bridge.  *Id.*

Because AED fails to meet the stringent test for reconsideration set forth under Rule

59(e), the Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**


    **s/Algenon L. Marbley**          
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: February 22, 2012**